**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**RONALD SATISH EMRIT, et al.** **CIVIL ACTION**

**VERSUS** **NO. 25-25-SDJ**

**ELON MUSK, et al.**

**ORDER OF DISMISSAL**

Before the Court is a Complaint filed by Ronald Satish Emrit, who also refers to himself as Presidential Candidate Number P60005535 (R. Doc. 1). This Court has granted Plaintiff's Application to Proceed in District Court Without Preparing Fees or Costs and has withheld service. (R. Doc. 8). As Plaintiff is now proceeding *in forma pauperis* ("IFP"), a 28 U.S.C. § 1915(e) review has been performed to determine whether the Complaint should be dismissed as frivolous or for failing to state a claim on which relief may be granted.

**I. Nature of the Plaintiff's Allegations**

Plaintiff seeks $500 billion dollars in damages for Civil Rights violations and tortious interference with business relations/contracts against four defendants: Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson, and Department of Governmental Efficiency.

Plaintiff's current claims involve his allegation that "defendants are trying to make one trillion dollars worth of budget cuts which would affect the lives of African Americans". (R. Doc. 1 at 4). Plaintiff also alleges that defendants are trying to abolish the U.S. Department of Education. (R. Doc. 1 at 4). Plaintiff argues that he has standing to bring this case against all four defendants because "plaintiff is disabled with bipolar disorder". (R. Doc. 1 at 4). Plaintiff notes that defendants are violating the Civil Rights Act of 1964, the Equal Protection Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution, the Due Process Clause of the Fifth and Fourteenth Amendments, the Comity Clause, the Right to Privacy, and Freedom of Association, but fails to

describe how these violations occurred as Plaintiff fails to allege any specific actions of Defendants besides that defendants are "trying to make one trillion dollars worth of budget reduction in the United States which would affect the lives of poor people of all races and ethnicities in the United States". (R. Doc. 1 at 5). Plaintiff also fails to make any argument as to why venue is appropriate in this district, and explains he is a resident of the states of Florida and Maryland.

## II. Law and Analysis

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Yet, such complaints can be dismissed, regardless of service, if the court determines the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). To decide whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Fed. R. Civ. P. 12(b)(6). *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Upon review, the Complaint lacks any basis upon which this Court can establish it has jurisdiction or could be considered a proper venue for this action. Plaintiff claims to be a resident of Florida and Maryland. None of the Defendants reside in Louisiana, and it is not apparent anything related to this case happened in Louisiana. Further, Plaintiff fails to state any federal claim whatsoever[1] to invoke this court's federal question jurisdiction. As for diversity jurisdiction, Plaintiff fails to establish diversity of citizenship. As this Court lacks jurisdiction, its only choice is to dismiss the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quotations and citation omitted) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

It is also clear that Plaintiff has filed similar cases throughout the country, many of which have been summarily dismissed as well. *See Emrit v. USPTO*, 25-cv-00720, ECF No. 3 (E.D. La. Apr. 17, 2025) (dismissing similar complaint seeking $500 billion in damages and discussing in detail the lack of any merit or plausibility to his allegations); *Emrit v. International Court of Justice in Hague, et al.,* Civ. A. 25-724, 2025 WL 1158928, * 3 n.28 (E.D. La. April 21, 2025) (same); *see also Presidential Candidate No. P60005535 v. United States Pat. & Trademark Off.,* No. 1:25-CV-170-HAB, 2025 WL 1255799, at *2 (N.D. Ind. Apr. 29, 2025) (citations omitted) ("When viewing the facts alleged in the light most favorably to Emrit, it appears he seeks to 'avoid the red tape' of United States patent law and asks this Court to grant him a patent and require the government and other agencies to adopt his ideas regarding quantum mechanics, astrophysics, general relativity,

[1] Plaintiff alleges that "this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause." This is a patently false statement about the contents of Plaintiff's Complaint. (R. Doc. 1 at 3).

and special relativity. But even assuming such extraordinary relief was possible, his theories lack facial plausibility and the factual basis of his claims are frivolous."); *see also Emrit v. United States Pat. & Trademark Off.,* No. 25-CV-11088, 2025 WL 1184239, at *2 (E.D. Mich. Apr. 23, 2025) ("To the extent that the Complaint is coherent at all, when viewed liberally and in the light most favorable to Plaintiff, it appears that he seeks to 'avoid the red tape' of United States patent law, and have this court grant him a patent and require the government and various agencies to adopt his ideas regarding quantum mechanics, astrophysics, general relativity, and special relativity. But even assuming for a moment that the court could enter any part of such an extraordinary order, his 'theories' lack any facial plausibility and the factual basis of his claims is frivolous."); *see also Emrit v. United States & Trademark Off. (USPTO),* No. 2:25-CV-00141-LEW, 2025 WL 1129203, at *1 (D. Me. Apr. 17, 2025) ("Plaintiff's complaint consists of unsupported and somewhat confusing allegations regarding his efforts to secure a patent for his ideas related to quantum mechanics, special relativity, general relativity, and astrophysics.").

Before dismissing Plaintiff's claims, however, the Court considers whether to afford Plaintiff an opportunity to amend. Courts must "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). In exercising their discretion, courts consider factors such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Nolan v. M/V Sante Fe*, 25 F.3d 1043 (5th Cir. 1994) (citing *Gregory v. Mitchell*, 635 F.2d 199, 203 (5th Cir. 1981)). Plaintiff's bad faith in repeatedly filing hundreds[2] of frivolous lawsuits supports declining leave to amend.

[2] Plaintiff has been deemed "a well-documented serial filer" who has filed over three hundred cases since 2013. *See Emrit v. International Court of Justice in Hague, et al.,* Civ. A. 25-724, 2025 WL 1158928, * 3 n.28 (E.D. La. April 21, 2025).

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's entire case be **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on October 9, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**